(6 Misc. Rep. 325.)

### SCHNUGG v. NEW YORK EL. R. CO. et al.

(Superior Court of New York City, General Term. December 29, 1893.)

TRIAL—REQUEST TO FIND—FORM.

Requests to find will not be granted, where they require each sentence to be passed on, and ask, if the proposed findings of facts are refused, that the same matters be found as conclusions of law, and vice versa. Steubing v. Railroad Co., 34 N. E. 369, 138 N. Y. 658, followed.

Appeal from special term.

Action by John Schnugg against the New York Elevated Railroad Company and another. From an order declining to pass on certain proposed findings, defendants appeal. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Davies & Rapallo, for appellants.

Leo C. Dessar, for respondent.

McADAM, J. The defendants, after the trial, submitted proposed requests, which the trial judge declined to pass upon because of prefatory matter therein which called, in certain contingencies, for the changing of the requests as to matter of fact to requests as to matters of law, and also the reverse, and required each sentence to be passed upon, and for the further reason that the court had already passed upon the material matters in the case at the request of the plaintiff. It appears that the defendants made 58 requests to find facts, and 22 to find conclusions of law, and requested the court, if it refused to find the facts as requested, to find the same matters as conclusions of law, and, if it refused to find the law as requested, to find the same matters as fact. This is the prefatory matter referred to. This is not all. They stated that each "sentence of each proposed finding is prepared separately, as if separately numbered." The court, in Steubing v. Railroad Co., 138 N. Y. 658, 661, 34 N. E. 369, considered the precise question presented here, and decided that the practice followed by the defendants, was not only unauthorized, but one "not to be tolerated;" that it was not needful for the protection of the rights of any party, and that the tendency was to ensnare the trial judge, and frequently to defeat the ends of justice, by introducing mistakes, confusion, and uncertainty into the record. While section 1023 of the Code was intended to provide a uniform and adequate method of discovering the grounds and principles upon which were based the judgments rendered by courts and referees, it never contemplated that either should be required to pass upon anything more than the facts material to the case of the side presenting the findings, and deemed by it established by the evidence, and not included in findings made at the request of the other side. Nor was it intended that the court or referee should be required to find upon every piece of evidence offered, or its cogency or effect in leading to the findings or conclusions made. Proper practice requires that a request to find either facts or law should be plainly stated in a single proposition, the

whole of which can be granted or refused, and the request must be unaccompanied by conditions, provisos, penalties, or duties imposed by the party, for these are not authorized by the statute, and are not essential to the administration of justice. Proposed findings should never be made more numerous, intricate, or complicated than the exigencies of the case and nature of the controversy require. They ought to simplify and aid review by the appellate court, rather than obscure and complicate it by repetitions, immaterial matter, and the like, which serve no useful purpose. The subsequent notice given by the defendants, in which the plaintiff united, requesting the trial judge to settle the findings, and waiving all irregularities, did not free the defendants' practice from error, nor make it conformable to law. The parties could not, by their consent, require the trial judge to engage in a practice which our appellate court holds is "not to be tolerated." To follow it would be to give it judicial sanction or approval in violation of the above direction. Nor could the parties, by consent, impose upon the trial judge a duty not made incumbent upon him by law. The court below acted strictly within the limits of duty, as established by prescribed practice, and, not having abused its power or discretion, the order appealed from must be affirmed, with costs. All concur.